IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SONOHM LICENSING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1620 (LPS) |
| | ) | |
| BEST BUY CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**BEST BUY'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS COUNTS I AND II OF SONOHM'S COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@mnat.com

*Attorneys for Defendant Best Buy Co., Inc.*

OF COUNSEL:

Brent P. Ray
KING & SPALDING LLP
353 N Clark Street, 12th Floor
Chicago, IL  60654
(312) 764-6925

Dara M. Kurlancheek
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
2nd Floor
Washington, D.C.  20006
(202) 626-5590

Lida Ramsey
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY  10036
(212) 556-2188

November 25, 2019

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ......................................................................................... ii

I.   Nature and Stage of Proceedings.......................................................................... 1

II.   Summary of Argument .......................................................................................... 1

III.    Statement of Facts................................................................................................ 2

  A.   The Asserted Claims Require Use of an Accused Device .................................... 2

  B.   Sonohm Does Not Credibly Allege Best Buy Uses any Accused Device ........................... 4

  C.   Sonohm's Infringement Allegations are Based Upon Alleged Practice of the
       Bluetooth 4.0 Standard ................................................................................... 4

  D.   Siemens AG and Best Buy are Adopter Members of Bluetooth SIG .................................. 5

  E.   Best Buy is Licensed to Practice Siemens AG's Bluetooth Patents.................................... 5

IV.    Argument .............................................................................................................. 6

  A.   Motion to Dismiss Standard .............................................................................. 6

  B.   Sonohm's Claims Fail as a Matter of Law .......................................................... 7

  C.   Sonohm's Claims Should be Dismissed with Prejudice ......................................... 8

V.   Conclusion............................................................................................................ 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    692 F.3d 1301 (Fed. Cir. 2012)........................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................9, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................9

*Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*,
    2014 WL 5780877 (D. Del. 2014)....................................................................11

*Datatreasury Corp. v. Wells Fargo & Co.*,
    522 F.3d 1368 (Fed. Cir. 2008)........................................................................12

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)...................................................................10, 11

*In re NAHC, Inc. Securities Litig.*,
    306 F.3d 1314 (3d. Cir. 2002)..........................................................................12

*Inventor Holdings, LLC v. Gameloft, Inc.*
    135 F. Supp. 3d 239 (D. Del. 2015)............................................................10, 11

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
    2017 WL 5501489 (D. Del. 2017)....................................................................10

*Parson v. Phelps*,
    193 F. Supp. 3d 353 (D. Del. 2016)..................................................................10

*Valinge Innovation AB v. Halstead New England Corp.*,
    2017 WL 5196379 (D. Del. 2017)....................................................................11

**Rules and Statutes**

Rule 12(b)(6)...............................................................................................................9

Best Buy sells consumer products.  Sonohm only alleges infringement of the '207 and '705 patents, however, based upon actions that occur after a product is sold.  Sonohm sets forth zero facts alleging that Best Buy practices the claimed methods, either directly or indirectly. Counts I and II fail a matter of law.

The Court should grant Best Buy's motion with prejudice.  Amendment is futile because Best Buy already has a license to the '207 and '705 patents.  Sonohm premised its infringement reads in Counts I and II upon alleged implementation of the Bluetooth 4.0 standard.  In other words, according to Sonohm, because the accused products use the standard, infringement occurs.  But as an Adopter Member of the Bluetooth 4.0 standard, Best Buy received a perpetual license from Siemens AG to practice the '207 and '705 patents.  Even if Sonohm is permitted to amend its complaint, Counts I and II hit a dead-end.

## I.      Nature and Stage of Proceedings

Sonohm Licensing LLC ("Sonohm") filed this case against Best Buy Co., Inc., ("Best Buy") on August 29, 2019.  Dkt. 1.  Sonohm alleged infringement of U.S. Patent Nos. 6,651,207 ("the '207 patent"), 7,106,705 ("the '705 patent") and 8,843,641 ("the '641 patent").  *Id*.  These allegations are found in Counts I, II and III, respectively.  *Id*. at 2, 14.

After seeking extensions to respond to the Complaint (*see* Dkts. 6 and 8), Best Buy now moves to dismiss.

## II.     Summary of Argument

Sonohm's infringement case is fatally flawed.  For both the '207 and '705 patents, the Complaint asserts only method claims.  For each of those claims, Sonohm baldly claims Best Buy infringes only "by performing actions comprising at least using or performing the claimed method."  Dkt. 1 at ¶¶ 21, 40.  Yet Sonohm's alleged basis for infringement is that "*the Accused Instrumentality* performs the step[s]" of the claimed methods.  *Id*. at ¶¶ 22-26, 41-44 (emphasis

added).  Never does Sonohm allege, nor could it, that Best Buy performs any step of a '207 or '705 patent claim.  Even taking the allegations of Sonohm's complaint as true, Counts I and II do not state a cognizable claim of infringement, and therefore fail as a matter of law.

Dismissal with prejudice is appropriate because Best Buy already has a license to practice the '207 and '705 patents.  Sonohm's infringement case is based upon the allegation that the accused products comply with the Bluetooth 4.0 standard.  *Id.* at ¶¶ 22-26, 41-44.  All Bluetooth protocols, including version 4.0, are administered by the Bluetooth Special Interest Group (SIG), founded in 1998.[1]  As evident from the face of the patents, the original assignee was Siemens AG or a subsidiary thereof.  *Id.* at Exs. A, C.  Siemens AG, like Best Buy, is an Adopter Member of the Bluetooth SIG.[2]  When a company becomes an Adopter Member, it automatically grants a nonexclusive, perpetual, royalty-free license to all other Adopter Members of its patent claims necessary to practice the standard.[3]  Best Buy is therefore already licensed to practice the '207 and '705 patents pursuant to the rights granted by Siemens AG by way of the Bluetooth SIG.  Any attempt to replead around these facts is futile.

## III.   Statement of Facts

### A.   The Asserted Claims Require Use of an Accused Device

According to Sonohm, the '207 patent relates to improving voice quality in cordless communications.  Dkt. 1 at ¶ 12.  Claim 11 is the only '207 patent claim mentioned in the Complaint, and it recites:

---

[1]  https://www.bluetooth.com/about-us/our-history/.

[2]  *See* https://www.bluetooth.com/develop-with-bluetooth/join/member-directory/.

[3]  Bluetooth Patent/Copyright License Agreement at Section 5(b), attached as Ex. 1.

11. A method for improving voice quality in cordless communications, comprising:

    selecting a unique carrier frequency over an individual communication link, the communication link operable to carry data between at least one mobile unit and a base station;

    monitoring the quality of the selected frequency during a first time period;

    selecting another frequency after the first time period to transmit and receive data over the communication link;

    after selecting the another frequency, selecting, during a second time period, the frequency that was monitored during the first time period; and

    performing, during the second time period, error correction on the selected frequency in response to the monitored quality monitored during the first time period.

*Id.* at Ex. A, claim 11.  According to this claim, not only does carrier frequency need to be selected, but it also must be monitored, reselected, and analyzed for error correction.  *Id.*

Regarding the '705 patent, Sonohm describes the alleged invention as "transmitting data for a combination of a plurality of services via jointly used physical connections."  *Id.* at ¶ 33. Claim 1 is the only '705 patent claim mentioned in the Complaint, and it recites:

1. A method comprising:

    specifying one or more first transport formats for first services and a second transport format for a second service, the first services having higher data rate dynamics than the second service;

    transmitting a combination of data for the first services and data for the second service over a first channel based on the first and second transport formats;

    signaling, in-band in the first channel, the one or more first transport formats for the first services; and

    signaling, in a second channel, the second transport format for the second service, the first channel and the second channel comprising separate channels.

*Id*. at Ex. C, claim 1. According to this claim, data must be transmitted using two different transport formats, with accompanying signaling in respective channels. *Id*.

Neither of these claims can be met by a retailer's mere sale of an accused device to a customer. Instead, the accused product must actually be used.

**B. Sonohm Does Not Credibly Allege Best Buy Uses any Accused Device**

Sonohm alleges without any basis that Best Buy infringes the '207 patent "by performing actions comprising at least using or performing the claimed method for improving voice quality in cordless communications by using" the accused products. *Id*. at ¶ 21. Similarly, without basis Sonohm alleges Best Buy infringes the '705 patent "by performing actions comprising using or performing the claimed method by using" the accused products. *Id*. at ¶ 40.

Sonohm provides no information on how Best Buy (i) actually performs any step of the claimed methods, or (ii) allegedly uses any accused product. Instead, Sonohm only describes how the asserted claims are met by explaining how "the Accused Instrumentality performs [each] step." *Id*. at ¶¶ 22-26, 41-44.

**C. Sonohm's Infringement Allegations are Based Upon Alleged Practice of the Bluetooth 4.0 Standard**

To demonstrate how an accused device meets the '207 and '705 patent claims, Sonohm simply alleges the device practices the Bluetooth 4.0 standard. *See, e.g., id*. at ¶ 22 ("Using Bluetooth 4.0 (or later version) selects a unique carrier frequency…"); ¶ 23 ("[U]sing Bluetooth 4.0 (or later version) monitors the quality of the selected frequency during a first time period…"); ¶ 24 ("[W]ith Bluetooth 4.0 (or later version), the physical channel is sub-divided into time units known as slots."); ¶ 25 ("Bluetooth 4.0 (or later version) after selecting another frequency (e.g., frequency hopping) selects at a second time period…"); ¶ 26 ("Bluetooth 4.0 (or

4

later version) performs the step of performing, during the second time period, error correction...").  *See also id.* at ¶¶ 41-44.

Not only does Sonohm identify the Bluetooth 4.0 standard as evidence of alleged infringement, it also consistently cites the Bluetooth specification as support.  *See, e.g., id.* at ¶ 24 (citing    https://www.bluetooth.org/docman/handlers/downloaddoc.ashx?doc_id=456433, hereinafter referred to as "the Bluetooth specification").  For several claim elements, the Bluetooth specification is the only support identified.  *See id.* at ¶¶ 24, 42-44.

### D.  Siemens AG and Best Buy are Adopter Members of Bluetooth SIG

The Bluetooth specification states that only members of Bluetooth SIG are permitted to use the specification.  Bluetooth specification at 3 ("Use of the Specification by anyone who is not a member of Bluetooth SIG … is prohibited.").  There are several types of members, including Adopter Members.  *Id.*  The list of Adopter Members is public, and accessible on the Bluetooth SIG website.[4]  Both Siemens AG and Best Buy are Adopter Members of Bluetooth SIG.[5]

### E.  Best Buy is Licensed to Practice Siemens AG's Bluetooth Patents

To determine what products are covered by the Bluetooth specification, the specification directs readers to the Bluetooth Patent and Copyright License Agreement.  Bluetooth specification at 45.  The operative version of the agreement is found on the Bluetooth SIG website.  *See* Bluetooth Patent/Copyright License Agreement, attached as Ex. 1.  For purposes of this motion, Section 5(b) is instructive:

---

[4]  https://www.bluetooth.com/develop-with-bluetooth/join/member-directory/.

[5]  This information is ascertainable by searching for each entity in the Bluetooth SIG member directory.  Screenshots showing Siemens AG and Best Buy are Adopter Members are attached at Exs. 2 and 3.

> (b) <u>By Associate or Adopter Member</u>. Effective upon the adoption by Bluetooth SIG of each Bluetooth Specification, each Associate and Adopter Member and their Affiliates hereby grant to each Promoter Member and Associate and Adopter Member and all of their respective Affiliates (also collectively, "Licensee") a nonexclusive, royalty-free, perpetual, irrevocable, nontransferable, nonsublicenseable, worldwide license under its Necessary Claims solely to make, have made, use, import, offer to sell, sell and otherwise distribute and dispose of Compliant Portions; provided that such license need not extend to any part or function of a product in which a Compliant Portion is incorporated that is not itself part of the Compliant Portion.

Ex. 1 at Sect. 5(b).

As an Adopter Member, Siemens AG granted to every other Adopter Member a nonexclusive, perpetual license to practice any Necessary Claims to, *inter alia*, use or sell Compliant Portions.  Necessary Claims are defined as those that are necessarily infringed by practicing a Bluetooth protocol.  *Id*. at Sect. 1(o).  Compliant Portions are the specific portions of hardware and/or software that (i) implement, (ii) are compliant with, and (iii) have been deemed qualified to meet the requirements of a Bluetooth protocol.  *Id*. at Sect. 1(j).

As a fellow Adopter Member, Best Buy received the benefit of this license grant from Siemens AG.  By relying almost exclusively upon the Bluetooth specification to allege infringement, Sonohm admits that claim 11 of the '207 and claim 1 of the '705 patent are Necessary Claims to practice the Bluetooth 4.0 standard.  By alleging the accused products "implement Bluetooth 4.0," Sonohm admits these products are Compliant Portions.  Dkt. 1 at ¶¶ 22, 41.

## IV.   Argument

### A.  Motion to Dismiss Standard

To comply with Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged … more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint should be dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

This Court explained that to adequately plead direct infringement, a plaintiff must plead facts that plausible indicate that the Defendant or its products actually practice each limitation of the asserted claims. *N. Star Innovations, Inc. v. Micron Tech., Inc*., 2017 WL 5501489, at *1 (D. Del. 2017), *report and recommendation adopted*, D.I. 37 (D. Del. 2018) (Stark, J.). This Court "is not obligated to accept as true 'bald assertions,' 'unsupported conclusions and unwarranted inferences,' or allegations that are 'self-evidently false.'" *Inventor Holdings, LLC v. Gameloft, Inc*. 135 F. Supp. 3d 239, 244 (D. Del. 2015) (citations omitted).

To adequately state a claim for direct infringement of method claims, the complaint must allege the accused infringer "perform[ed] all the steps of the claimed method, either personally or through another acting under his direction or control." *Akamai Techs., Inc. v. Limelight Networks, Inc*., 692 F.3d 1301, 1307 (Fed. Cir. 2012). Mere sale of an accused device cannot suffice. *Ericsson, Inc. v. D-Link Sys., Inc*., 773 F.3d 1201, 1222 (Fed. Cir. 2014) ("In fact, none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method, and we decline to do so here.").

In its consideration of a motion to dismiss, a Court may properly consider "the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference." *Parson v. Phelps*, 193 F. Supp. 3d 353, 357 (D. Del. 2016).

## B. Sonohm's Claims Fail as a Matter of Law

Sonohm's Complaint is devoid of any cognizable allegation that Best Buy practices the method claimed in either claim 11 of the '207 patent or claim 1 of the '705 patent. Other than a

naked assertion that Best Buy uses the accused products (*see* Dkt. 1 at ¶¶ 21, 40), Sonohm's infringement allegations only contend what the products themselves do.  The Court is not required to accept Sonohm's unsupported assertion, particularly as the remainder of its infringement allegations concern the accused products themselves, not Best Buy's actions. *Inventor Holdings,* 135 F. Supp. 3d at 244.

Sonohm never ties any activity by Best Buy, the sole defendant in this case, with any accused product.  There is a good reason for this:  Best Buy is a retail company.  It sells third-party products to customers.  It is not in the business of using the products after sale.  As a result, it would be a rare occurrence, if ever, that Best Buy would directly infringe a method claim by using a third-party product.  And mere sale of an accused product cannot infringe a method claim.  *Ericsson*, 773 F.3d at 1222.

In situations such as this, where a complaint fails to set forth plausible infringement of a method claim, dismissal is appropriate.  *See Valinge Innovation AB v. Halstead New England Corp.*, 2017 WL 5196379, *1-*2 (D. Del. 2017) (recommending dismissal of direct infringement claims against co-defendant retailer where patentee failed to plead sufficient facts that the retailer itself practiced the claimed method), *report and recommendation adopted*, D.I. 95 (D. Del. 2018) (Stark, J.); *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.,* 2014 WL 5780877, *5 (D. Del. 2014) (dismissing direct infringement claims where the complaint failed to plead sufficient facts to show a plausibility that certain steps of the claimed method were performed by the defendant).

### C.  Sonohm's Claims Should be Dismissed with Prejudice

The Court should not permit Sonohm to amend its Complaint to correct the deficiencies described herein.  Even if Sonohm can restate its infringement claims to allege infringing activity by Best Buy, it cannot escape the fact that Best Buy already has a license to practice the '207 and

'705 patents.  This is because when Sonohm purchased the '207 and '705 patents, it took the assets with these license rights intact.  *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008) (patent owners cannot transfer an interest greater than what they possess, therefore assignees "take[ ] a patent subject to the legal encumbrances thereon.").   In other words, even if Sonohm was permitted to amend its complaint, any infringement allegations toward Best Buy would still fail to state a plausible infringement claim.

In cases where amendment of a complaint would be futile in view of the allegations therein, dismissal with prejudice is appropriate.  *In re NAHC, Inc. Securities Litig.*, 306 F.3d 1314, 1332 (3d. Cir. 2002) (affirming dismissal of complaint with prejudice where amendment would be futile, noting established Third Circuit practice that "an amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted").

V.   **Conclusion**

The Court should grant Best Buy's motion with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Brent P. Ray
KING & SPALDING LLP
353 N Clark Street, 12th Floor
Chicago, IL  60654
(312) 764-6925

Dara M. Kurlancheek
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
2nd Floor
Washington, D.C.  20006
(202) 626-5590

Lida Ramsey
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY  10036
(212) 556-2188

November 25, 2019

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@mnat.com

*Attorneys for Defendant Best Buy Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 25, 2019, upon the following in the manner indicated:

Stamatios Stamoulis                                             *VIA ELECTRONIC MAIL*
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*


David R. Bennett                                               *VIA ELECTRONIC MAIL*
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614-084
*Attorneys for Plaintiff*


                                        */s/ Jeremy A. Tigan*
                                        Jeremy A. Tigan (#5239)